# IN THE THIRTEENTH JUDICIAL DISTRICT OF TENNESSEE
## CIRCUIT COURT OF CUMBERLAND COUNTY

| | |
|---|---|
| THOMAS ROBERTS and KRISTY ROBERTS, | ) ) ) |
| Plaintiffs. | ) No. CV005007 ) |
| V. | ) JURY DEMAND ) |
| ALLSTATE INSURANCE COMPANY, | ) ) DATE FILED 12-15 20 08 |
| Defendants. | ) ) |

Circuit Court Clerk

## COMPLAINT

Come now the Plaintiffs, Thomas Roberts and Kristy Roberts, by and through counsel, and would most respectfully show unto this Honorable Court as follows:

I.

That the Plaintiffs, Thomas Roberts and Kristy Roberts, are adult citizens and residents of Cumberland County, Tennessee.

II.

That the Defendant, Allstate Insurance Company, is and at all times material hereto was a foreign insurance corporation, licensed and authorized to do business in the state of Tennessee, including in Cumberland County, Tennessee.

III.

That prior to April 22, 2006, the Defendant, for and in consideration of premiums paid and agreed to be paid by the Plaintiffs, issued to the Plaintiffs a comprehensive homeowners policy of insurance, identified as an Allstate Deluxe Homeowners Policy, covering losses due to damage by fire to the Plaintiffs' residential dwelling located at 1152 Ozone Road, Rockwood, Cumberland County, Tennessee. This residence was fully furnished and contained a number of appliances, tools, and valuable personal properties as of April 22, 2006. The policy issued by the Defendant was renewed on an annual basis, and was in full force and effect as of April 22, 2006. The policy provided eighty nine thousand ($89,000.00) dollars coverage for the dwelling, fifty nine thousand ($59,000.00) dollars for the contents and personal properties, coverage for a debris removal in the event of a fire or destruction, and coverage for additional living expenses in the event of destruction of the residence.

IV.

That while the policy was in full force and effect on April 22, 2006, the Plaintiffs' dwelling along with the contents and personal properties located therein were totally destroyed by one or more fires of unknown origin. Plaintiffs gave immediate notice of this loss to the Defendant and its agent, within the time

2

required by policy. Thereafter, Plaintiffs prepared an inventory of damages and a sworn statement in proof of loss and submitted the same to the Defendant. Plaintiffs were then required to undergo sworn examinations, and produced all documents requested by the Defendant in conjunction with its investigation of this loss, including financial records. Plaintiffs fully complied with all terms and provisions of the policy and all requests of the Defendant.

V.

That despite compliance with the terms and provisions of the policy and all requests made by or on behalf of the Defendant, the Defendant has failed and refused to pay the losses suffered by the Plaintiffs. The policy of insurance was in full force and effect and was obligatory at the time of the loss and damage. Plaintiffs aver that the Defendant has breached the contract of insurance with the Plaintiffs and are obligated to pay all amounts set forth by the policy of insurance. The Plaintiffs further aver that the refusal of the Defendant to pay the loss constitutes bad faith on the part of the Defendant, thus entitling the Plaintiffs to judgment for the twenty five (25%) percent bad faith penalty pursuant to T.C.A.§56-7-105 in addition to the amounts set forth in the policy.

3

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That proper process issue and be served upon the Defendant through the Commissioner of Insurance for the State of Tennessee, requiring the Defendant to appear and answer hereto, but not under oath, its oath being hereby expressly waived.

2. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant for the full value of coverage set forth in the subject policy of insurance, plus statutory pre-judgment interest.

3. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant for all additional living expenses incurred by the Plaintiffs following the loss and for debris removal expenses, all as provided by the policy of insurance, plus statutory pre-judgment interest.

4. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant in the additional amount of thirty seven thousand ($37,000.00) dollars, representing the twenty five (25%) percent statutory bad faith penalty pursuant to T.C.A. §56-7-105.

5. That upon a hearing of this cause, the Defendant be required to pay all costs and expenses incurred by the Plaintiffs in conjunction with the filing and prosecution of this action, including reasonable attorneys fees.

4

6. For general relief.

*(signature)*
HOWARD L. UPCHURCH
Attorney for Thomas Roberts and
Kristy Roberts
P.O. Box 381
Pikeville, Tennessee 37367
Telephone: (423) 447-2903
BPR # 10145

## COST BOND

I am surety for the costs of this cause, not to exceed five hundred dollars ($500.00).

*(signature)*
HOWARD L. UPCHURCH
Attorney for Thomas Roberts and
Kristy Roberts
P.O. Box 381
Pikeville, Tennessee 37367
Telephone: (423) 447-2903
BPR # 10145

5

## IN THE THIRTEENTH JUDICIAL DISTRICT OF TENNESSEE
## CIRCUIT COURT OF CUMBERLAND COUNTY

| | |
|---|---|
| THOMAS ROBERTS and KRISTY ROBERTS, | )<br>)<br>) |
| Plaintiffs. | ) No. CV005007 |
| V. | )<br>) JURY DEMAND |
| ALLSTATE INSURANCE COMPANY, | )<br>) DATE FILED 12-15 2008 |
| Defendants. | ) |

Circuit Court Clerk

### AFFIDAVIT OF SERVICE

Comes now the Affiant, Howard L. Upchurch, and after first being duly sworn, deposes and says that the address for service of process upon the Allstate Insurance Company is as follows:

> Allstate Insurance Company
> Market Claim Office
> 1111 North Shore Drive, Suite S-600
> Knoxville, Tennessee 37919

**AFFIANT**

Sworn to and subscribed before me
this 12 day of December, 2008

**NOTARY PUBLIC**

My commission expires: 7-24-11

