UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS ROBERTS and ) <br> KRISTY ROBERTS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALLSTATE INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | No. 2:09-0016 <br> Judge Echols |

## ORDER

In accordance with the Memorandum entered contemporaneously herewith, Allstate Insurance Company's Motion For Summary Judgment (Docket Entry No. 16) is hereby GRANTED.

This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS ROBERTS and ) | |
| KRISTY ROBERTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:09-0016 |
| v. ) | Judge Echols |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Defendant Allstate Insurance Company[1] ("Allstate") filed a Motion For Summary Judgment (Docket Entry No. 16), to which Plaintiffs Thomas and Kristy Roberts ("Plaintiffs") filed a response in opposition (Docket Entry No. 20), and Allstate filed a reply (Docket Entry No. 27).

## I. FACTS

Allstate issued to Plaintiffs a Deluxe Homeowners Policy, No. 935621972, which provided homeowners' coverage for Plaintiffs' residence located at 1152 Ozone Road, Rockwood, Cumberland County, Tennessee. The policy covered the period October 26, 2005 to October 26, 2006.

The policy stated:

*Definitions Used In This Policy*

---

[1]The company's correct name is Allstate Indemnity Company. (Docket Entry No. 16, Motion For Summary Judgment at 1 n.1.) Because Allstate's principal place of business is in Illinois, this Court has diversity jurisdiction of this suit.

1

1. **"You" or "Your"**–means the person named on the Policy Declarations as the insured and that person's resident spouse.

2. **"Allstate," "we," "us," or "our"**–means the company named on the Policy Declarations.

(Docket Entry No. 18, Ex. 1, Deluxe Homeowners Policy at 2 (emphasis in original).)

The policy also stated:

*Section I Conditions*

3. **What You Must Do After A Loss**
   In the event of a loss to any property that may be covered by this policy, **you** must:

   * * *
   g)   within 60 days after the loss, give us a signed, sworn proof of the loss. . . .

6. **Our Settlement Of Loss**

   **We** will settle any covered loss with **you** unless another payee is named in the policy. **We** will settle within 60 days after the amount of loss is finally determined. This amount may be determined by an agreement between **you** and **us**, an appraisal award or a court judgment.

(Id. at 14-15, 17 (emphasis in original).)

Finally, the policy provided:

12. **Suit Against Us**

    No suit or action may be brought against **us** unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage.

(Id. at 18 (emphasis in original).)

On April 22, 2006, a fire destroyed the Plaintiffs' residence and most of its contents. The following day, April 23, 2006, Plaintiffs reported the fire to Allstate. On September 29, 2006, more than 60 days after the fire, the Plaintiffs submitted to Allstate a "Sworn Statement in Proof of Loss."

Allstate then investigated the claim by conducting examinations under oath of the Plaintiffs; conducting witness interviews; obtaining and reviewing public records, such as any criminal, civil, divorce, or bankruptcy proceedings involving the Plaintiffs; obtaining and reviewing materials produced upon completion of cause and origin, gas chromatography and other expert analyses; and obtaining and reviewing relevant documentation, such as financial, employment, credit and cellular phone records involving or pertaining to the Plaintiffs. (Docket Entry No. 18-2, Richard Read Aff. ¶ 8.) These records were obtained through an authorization signed by both Plaintiffs. (Id. ¶ 9.) The investigation "revealed unmistakable evidence of fraud, material misrepresentation and arson." (Id. ¶ 10.) On May 25, 2007, Allstate denied the Plaintiffs' insurance claim. (Id. ¶ 11.)

Plaintiffs dispute the date Allstate denied their claim. Thomas Roberts attests that more than one (1) year passed, presumably after the date of the fire, before Allstate denied the claim. He does not "recall receiving any notice of denial of the claim from Allstate Insurance Company until the later months of 2007 (November or December )." (Docket Entry No. 23, Thomas Roberts Aff. ¶ 4.) In response to Allstate's Statement of Undisputed Material Facts, however, Plaintiffs state: "We were unaware that Allstate denied our claim until February 2008." (Docket Entry No. 21 ¶ 8.) Plaintiffs presented no evidence to support their latter statement.

Plaintiffs initially filed their Complaint in the Cumberland County Circuit Court on December 15, 2008. (Docket Entry No. 1.) Allstate's registered agent received service of the Complaint on January 9, 2009. (Read Aff. ¶ 12.) On February 5, 2009, Allstate removed the case

3

to this Court based on diversity jurisdiction. (Docket Entry No. 1.) Plaintiffs seek damages in excess of $89,000.00 on contract and bad faith theories of relief for Allstate's refusal to pay insurance proceeds following the fire. Allstate contends the suit is time-barred under the policy and must be dismissed.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. ANALYSIS

When interpreting a contract in a diversity action, the Court generally enforces the parties' contractual choice of forum and governing law. Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 541 (6th Cir. 2007). Here the insurance contract expressly states that the laws of Tennessee govern any dispute. (Docket Entry No. 18, Ex. 1, Certified Policy, Tennessee Amendatory Endorsement at 2.) Accordingly, the state law of Tennessee applies to the substantive issues in the case.

In applying state law, this Court is bound by the decisions of the Tennessee Supreme Court if it has addressed the relevant issue. Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 326 (6th Cir. 2000). If the Tennessee Supreme Court has not addressed the issue, the Court must try to anticipate how that court might rule. In re Dow Corning Corp., 419 F.3d 543, 549 (6th Cir. 2005).

4

Decisions of the Tennessee Court of Appeals are viewed as persuasive authority unless it is shown that the Tennessee Supreme Court would decide the issue differently. Id.

"Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable." Brick Church Transmission, Inc. v. Southern Pilot Ins. Co., 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003) (citing Guthrie v. Conn. Indem. Ass'n, 101 Tenn. 643, 49 S.W. 829, 830 (1899); Hill v. Home Ins. Co., 22 Tenn.App. 635, 125 S.W.2d 189, 192 (1938).) The parties have not cited any recent cases decided by the Tennessee Supreme Court on the contractual limitations issue raised in this case, but it appears from the Tennessee Court of Appeals opinions cited by Allstate that the Tennessee Supreme Court addressed the limitations issue more than a hundred years ago.

The policy provides that "[a]ny suit or action must be brought within one year after the inception of loss or damage." However, the policy also contains a clause giving Allstate a 60-day settlement period. In such a situation, Tennessee courts

> have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues. Boston Marine Ins. Co. v. Scales, 101 Tenn. 628, 49 S.W. 743, 747 (1898). Since the settlement period provides a period of immunity during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss. Id.

Certain Underwriters at Lloyd's of London v. Transcarriers Inc., 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). If the insurer denies the claim before the end of the 60-day settlement period, then the insurer waives the immunity period. Id. "It follows that if the insured's claim is not denied within the settlement of loss period, during which the insurer is immune from suit, his cause of action accrues upon expiration of the settlement of loss period, when the insurer is no longer immune from

5

suit." Id. Once the action has accrued at the end of the immunity period, the limitations period begins to run. Id. at 500. Accordingly, the contractual period of limitations "begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first." Id.

Although this rule appears to be relatively straightforward, the Tennessee cases create some confusion about whether the immunity period arises from the clause requiring the insureds to file a proof of loss within 60 days or whether the immunity period arises from the clause requiring the insurer to pay or deny the claim within 60 days. In Certain Underwriters, 107 S.W.3d at 498, the court relied on the "Settlement of Loss" clause to add 60 days to the one year contractual period of limitations, but the court did not address the language in the "Settlement of Loss" clause providing that the insurer would be obligated to pay or deny the claim "within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company." It would seem that an allowance should be made for the time between the actual date of the loss and the insureds' filing of the proof of loss, which is the event that triggers the insurer's obligation to pay or deny the claim within 60 days. See Burton v. Nationwide Ins. Co., No. 1:07-CV-129, 2007 WL 3309076 *4 (E.D. Tenn. Nov. 6, 2007) (holding immunity (or settlement) period expired 60 days after plaintiff filed her proof of loss; cause of action accrued at that time, suit was time-barred because more than one year passed before plaintiff filed suit).

In Brick Church Transmission, Inc., 140 S.W.3d at 330, the court did not rely on a 60-day settlement-of-loss clause as in Certain Underwriters, but rather looked to a policy clause providing: "We will give notice of our intentions within 30 days after we receive the sworn proof of loss." The court noted the sworn proof of loss was filed on April 4, 2000, and Southern Pilot did not pay the loss or deny liability with the 30-day "loss payment" period. Id. It appears, however, that the court

6

was interpreting a 30-day notice-of-options clause, not a settlement-of-loss clause. Using the 30-day period the court held the one year limitations period commenced to run on May 4, 2000, and expired before suit was filed.

The Allstate policy at issue here also includes a 30-day provision under a clause entitled, "**Our Settlement Options.**" (Docket Entry No. 18, Ex. 1 at 15.) The clause provides: "Within 30 days after **we** receive **your** signed, sworn proof of loss **we** will notify **you** of the option or options **we** intend to exercise." (Id.) But this is a completely different clause than the 60-day settlement-of-loss clause found on page 17 of the policy.

Under Certain Underwriters, the Court would apply the 60-day settlement-of-loss clause. Under Brick Church Transmission, the Court would apply the 30-day notice-of-options clause. Thus, these two cases are not consistent as to which policy clause should be applied.

Allstate relies on two unpublished Tennessee Court of Appeals cases construing homeowners policies Allstate wrote for other insureds. In Smith v. Allstate Ins. Co., 1987 WL 30150 (Tenn. Ct. App. Dec. 30, 1987), the appellate court did not add 60 days to the contractual limitations period of one year due to the existence of a settlement-of-loss clause. Rather, the court added 60 days to the limitations period because the policy required the insureds to file a proof of loss within 60 days, relying on Hill v. Home Ins. Co., 125 S.W.2d 189 (Tenn. Ct. App. 1938). Calculating from the actual date of loss, the court held that suit was untimely filed more than one year and 60 days later. Id. at *1. The Tennessee Court of Appeals followed the same reasoning and reached the same result in Sharp v. Allstate Ins. Co., 1992 WL 289660 at *1 (Tenn. Ct. App. Oct. 16, 1992). These cases are not consistent with Certain Underwriters or Brick Church Transmission.

7

In the opening brief, Allstate primarily relies on Smith and Sharp to argue that a limitations period of one year and 60 days applies, calculated from the date of actual loss, April 22, 2006. Under this reasoning, the contractual limitations period expired on June 21, 2007, one year and 60 days after the fire. Plaintiffs did not sue until December 15, 2008. Thus, Allstate claims the lawsuit is clearly time-barred. In the reply brief, however, Allstate counts from September 29, 2006, the date the Plaintiffs filed their untimely proof of loss. (Docket Entry No. 27, Reply Brief at 5.) Adding 60 days for Allstate's immunity period within which to pay or deny the claim, Allstate contends the Plaintiffs' claim accrued on November 28, 2006, and the limitations period expired one year later on November 28, 2007. Plaintiffs did not sue until over one year after that, on December 15, 2008. Under this calculation, Allstate argues, the case is time-barred.

The Court does not need to resolve how the Tennessee Supreme Court would harmonize the confusion apparent in the Tennessee Court of Appeals cases on this issue. Plaintiffs' lawsuit is time-barred no matter how the Court calculates the limitations period. Giving the Plaintiffs the benefit of the months that passed from the date of actual loss until they filed an untimely proof of loss on September 29, 2006, then adding a 60-day immunity period pursuant to the settlement-of-loss clause for Allstate's payment or denial of the claim, and then adding one year, the limitations period expired on November 28, 2007, rendering untimely the suit filed more than one year later on December 15, 2008.

Plaintiffs contend that Allstate waived the one-year limitations period by failing to deny the claim within one year and therefore, Tennessee's six-year statute of limitations for contract disputes applies. Tenn. Code Ann. § 28-3-109. Alternatively, Plaintiffs contend, relying on Bokor v. Holder, 722 S.W.2d 676 (Tenn. Ct. App. 1986), and Welch v. W.W. Dillon & Co., 7 Tenn.App. 430, 1928

8

WL 2033 (Tenn. Ct. App. Feb. 21, 1928), that Allstate is estopped from asserting the limitations defense.

Plaintiffs do not identify the specific point in the chain of events from which they believe the one-year contractual limitations period began to run. Thomas Roberts stated in his affidavit that he complied with all terms and conditions of the policy, submitted to an examination under oath and yet, "more than one year went by" before Allstate denied the claim. (Roberts Aff. ¶¶ 3, 5.) It is not clear what he means by "more than one year went by[.]" More than one year as measured from what event? Mr. Roberts further stated that he does not recall receiving any notice of denial of the claim from Allstate until the later months of 2007, either November or December, (id. ¶ 4), but in the Plaintiffs' response to Allstate's Statement of Undisputed Material Facts, the Plaintiffs state without factual support that Allstate denied the claim in February 2008.

As discussed in Certain Underwriters, Brick Church Transmission, and Burton, the contractual limitations period in an insurance contract is measured by the date on which the insurer actually denied the claim only if no proof of loss is filed. Here, the Plaintiffs filed a proof of loss, even though it was untimely filed under the policy. Under the terms of this policy, the Tennessee cases require application of a limitations period of one year and 60 days, counting from the filing of the proof of loss and without regard to the date the insurer actually denied the claim. The cases reason that the insured is on notice that he must file suit within one year if the insurer fails to pay or deny the claim in the 60-day settlement period after a proof of loss is filed. Thus, the Plaintiffs cannot depend on the date they claim Allstate denied the claim in late November or December 2007 or in February 2008 to save their lawsuit.

9

Further, under Bokor "the party seeking to invoke . . . equitable estoppel must have acted to his detriment in reliance upon the statements or conduct of the party against whom it is to be enforced." 722 S.W.2d at 680. The party seeking to invoke estoppel has the burden to prove "each and every element of an estoppel." Id.

Taking as true Mr. Roberts' attestation that Allstate did not deny the claim until November or December 2007, and also giving Plaintiffs the most liberal limitations expiration date–November 28, 2007–Plaintiffs produce no proof that Allstate intentionally delayed in adjusting the claim until after the limitations period expired so that equitable estoppel should apply to make the lawsuit timely. See Certain Underwriters, 107 S.W.3d at 500. Plaintiffs also produce no evidence that they acted to their detriment in reliance upon statements or conduct of Allstate that misled them into believing their claim would be paid, thereby lulling them into inaction. See id.

The Court concludes that Plaintiffs' lawsuit is barred by the contractual limitations period and therefore, Allstate is entitled to summary judgment. The Court need not reach Allstate's suggestions that the lawsuit is also barred under the majority and minority rules because those rules are followed in other jurisdictions and they do not apply in Tennessee.

## IV. CONCLUSION

For all of these reasons, Allstate's motion for summary judgment will be granted. This case will be dismissed with prejudice as time-barred.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE